KAREN NELSON MOORE, Circuit Judge,
dissenting.
I respectfully dissent because I believe that the Ohio Supreme Court would recognize Lockheed’s allegedly misleading discovery response as a misrepresentation that could be the basis for invoking equitable estoppel in the statute-of-limitations context. The Ohio Supreme Court has stated that, “[ejquitable estoppel prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment.” Doe v. Archdiocese of Cincinnati, 116 Ohio St.3d 538, 880 N.E.2d 892, 894-95 (2008) (internal quotation marks omitted). The Walburns allege that Lockheed withheld *50 relevant documents in discovery, falsely informing them that they were not aware of any responsive materials. As a result, the Walburns believed that they could not prevail on the merits and dismissed their first action. Thus, in accordance with Ohio law, the Walburns “ha[ve] pleaded facts that, if proved, will demonstrate [Lockheed’s] efforts ... to prevent” them from proceeding with their first lawsuit, and which should preclude Lockheed from asserting a statute-of-limitations defense to the Walburns’ instant suit. Id. at 895. Otherwise, under the Walburns’ view, Lockheed will have succeeded in preventing them from pursuing their legal claim by withholding documents in discovery.
The majority concludes that only a narrow subset of misrepresentations give rise to equitable estoppel under Ohio law— those that “pertain to the limitations period, defendant’s willingness to waive the defense, or an inducement for plaintiffs to abandon the presumably timely filed action.” Maj. Op. at 49. To the contrary, all that Ohio courts require is an allegation that, if proved, would establish that the defendant’s acts were “designed to prevent” a plaintiff from pursuing her legal claim. Doe, 880 N.E.2d at 895. It can reasonably be “inferred] from the acts alleged in the complaint” that Lockheed “inten[ded] to prevent” the Walburns from proceeding with their suit. Id. Because the Walburns’ complaint, construed in the light most favorable to them, alleges the kind of misrepresentation recognized by Ohio courts as a basis for equitable estop-pel, it should survive the motion to dismiss.